IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF NORTH CAROLINA
ASHEVILLE DIVISION
1:08CV170-01-MU

| | |
|---|---|
| DUDLEY LEVON SKIPPER, )<br>)<br>Plaintiff, )<br>)<br>v. )<br>)<br>BETTY LOTT, <u>et al.</u>, )<br>)<br>Defendants. )<br>_____) | **O R D E R** |

**THIS MATTER** comes before the Court for an initial review of Plaintiff's Complaint pursuant to 42 U.S.C. § 1983, filed April 21, 2008.

Plaintiffs Dudley Skipper[1] and James Whaley have filed a Complaint pursuant to 42 U.S.C. § 1983 against Betty Lott, Mark Davis, and Medical alleging that they have violated their constitutional rights. Only Plaintiff Dudley has filed an In Forma Pauperis Application in conjunction with the filing of the Complaint.

Plaintiff Skipper may not join James Whaley as a plaintiff to this action.[2] The Prison Litigation Reform Act (PLRA), requires that "if a prisoner brings a civil action or files an appeal in forma pauperis, the prisoner shall be required to pay the full amount of a filing

---

[1] The Court notes that this is the fourth Complaint filed in this Court by Plaintiff Skipper in less than a month. (1:08cv108 (dismissed without prejudice); 1:08cv126(dismissed with prejudice); 1:08cv142(dismissed with prejudice); 1:08cv170(present case)). The sheer volume and variety of Plaintiff's complaints do not lend much credibility to his allegations.

[2] The Court has concluded that Dudley Skipper should remain as the plaintiff in this matter because he filed the in forma pauperis affidavit and because he is listed as the plaintiff in section IV of the § 1983 form.

fee." 28 U.S.C. § 1915(b)(1). Consequently, this Court holds, that based upon the reasoning set forth in the United States Court of Appeals for the Eleventh Circuit's holding in Hubbard v. Haley, 262 F.3d 1194 (11th Cir. 2001), that James Whaley is dismissed from this action. If James Whaley wish to bring a § 1983 cause of action he must file a separate Complaint; pay a separate filing fee; and establish that he has exhausted his administrative remedies.

Plaintiff Skipper names Betty Lott as a defendant. A review of the Complaint however reveals that she is not mentioned in the text of the Complaint other than to say that grievances are not getting to her. Such an assertion clearly does not assert a constitutional or any other type of claim against Defendant Lott. Consequently, she is dismissed from this case.

Plaintiff also names "medical" as a defendant. Plaintiff asserts that on April 1, 2008, nurse Walton came to his cell and erroneously gave him his roommates pills. Plaintiff further asserts that when he pointed the mistake out to nurse Walton he was told f to give the pills to his roommate. Plaintiff contends that this is the third time that this error has occurred. Plaintiff's allegations simply do not rise to the level of a constitutional violation and his claim is dismissed.

Plaintiff also asserts has requested to be tested for HIV and TB but the tests have not been done. Plaintiff provides the Court with no particular reason as to why he medically should receive these tests. Significantly, he does not allege that he is suffering from symptoms that would lead a reasonable person to believe that he has a need for these tests. Inmates do not have a blanket constitutional right to be tested for HIV or TB. Plaintiff's claim on this basis is dismissed.

The Complaint also contains an allegation concerning the failure to administer a vision evaluation. It appears to the Court that the individual whose vision is allegedly getting worse is James Whaley. The written allegations are stated in the singular first person. While several of the sheets containing this complaint are signed by both Plaintiff and Mr. Whaley one lengthier sheet is signed solely by Mr. Whaley. As Mr. Whaley has been dismissed from this case, this claim is moot.

**THEREFORE, IT IS HEREBY ORDERED** that:

1. Plaintiff Whaley is **DISMISSED** from this case; and

2. Plaintiff Skipper's Complaint is **DISMISSED** for failing to state a claim.

Signed: April 24, 2008

Graham C. Mullen
United States District Judge